Case 15-14537   Doc 29   Filed 08/12/15   Entered 08/14/15 07:35:25   Desc Main
Document   Page 1 of 5

15-14537:24.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 7/30/2015 3:09:50 PM by:Michael Miller Page 1 of 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                              )
                                    )   CASE NO. 15 B 14537
    Michelle A. Coleman             )   Judge Hon. Schmetterer
                                    )   CHAPTER 13
                                    )
                                    )

## ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.   The Parties**

1.  The Debtor is Michelle A. Coleman ("Debtor").

2.  The Defendant is U.S. Department of Housing and Urban Development ("Defendant").

**B.   Factual Background**

1.  On or about April 24, 2015, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.  Debtor owns the real estate commonly known as 9753 S. Yale Ave., Chicago, IL 60628.

3.  US Bank Home Mortgage holds a first mortgage lien on the real property commonly known as 9753 S. Yale Ave., Chicago, IL 60628, with a secured claim of $91,487.00 pursuant to Debtor's credit report.

4.  The Defendant holds a second mortgage lien on the real property known as 9753 S. Yale Ave., Chicago, IL 60628 in the approximate amount of $29,254.10 pursuant to the proof of claim filed on May 28, 2015.

5.  On April 23, 2015 Debtor provided property comparables which show the value of the property located at 9753 S. Yale Ave., Chicago, IL 60628 to be $54,033.33.

6. The Modified Chapter 13 Plan filed on June 24, 2015, provides that the Debtor will make monthly payments to the Chapter 13 Trustee in the amount of $250.00 per month for 36 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 10.00% of their allowed claims.

8. On June 24, 2015, Debtor filed a motion pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Debtor's property located at 9753 S. Yale Ave., Chicago, IL 60628.

9. That on June 24, 2015, a copy of the Notice of Motion and Motion to Determine Value of Claim 3 Secured by a Lien on Estate Property was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to the Defendant at 451 7th Street S.W., Washington, DC 20410, and also to the United States Attorney's Office, Northern District of Illinois at 219 S. Dearborn St., 5th Floor, Chicago, IL 60604.

10. The motion indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed. *Respondent has no objection. (See A hereto)*

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $54,033.33.

13. The first secured claim of US Bank Home Mortgage in the amount of $91,487.00 exhausts the value and equity in Debtor's residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

A. **Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B. **Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured lien on the property located at 9753 S. Yale Ave., Chicago, IL 60628 in the amount of $91,487.00, and the second secured lien in the amount of $29,254.10.

5. That the value of Debtor's residence is $54,033.33.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*.

Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v.

PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 8/12/15

Enter:

_____
United States Bankruptcy Judge

AUG 1 2 2015

The Semrad Law Firm, LLC
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625

**From:** Kelly, Michael (USAILN) [mailto:Michael.Kelly@usdoj.gov]
**Sent:** Tuesday, July 07, 2015 4:49 PM
**To:** Mike Miller; Alexander P. Nohr
**Cc:** chiweb@tvch13.net; bkahn@tvch13.net
**Subject:** In re Coleman 15-14537

Michael and Alexander: I write to convey that HUD does not oppose entry of the order sought by the attached motion. I don't plan to attend the hearing.


Michael Kelly
Assistant United States Attorney
219 S Dearborn, 5th Flr
Chicago, Illinois 60604
(312) 353-4220
Fax (312) 886-3501
Email: Michael.Kelly@usdoj.gov